The case was as follows:
Samuel Halstead died in the year 1832, having made his last will and testament. In it he devises to his wife, Eliza E. Halstead, a large real estate and much valuable personal property, and by the 6th clause, he bequeaths as follows: "It is my wish that my widow and cousin, Barbara Richardson, should continue to keep house together, but should they not, I wish my executors to pay over to cousin Barbara Richardson $1,000, or that amount out of the property left my wife." William S. Hinton, one of these defendants, and Edwin H. Hinton, were appointed executors; of whom the former alone qualified as such, and assented to the legacy to the widow, who took possession of the property devised to her. After the death of the testator, the complainant and the widow continued to keep house together, up to the time of the marriage of the latter with Peter W. Hinton, the other defendant. After that event, the plaintiff continued to live with Peter W. Hinton, until the death of his wife in 1846, soon after which she left (193) his house and family. The property, which was devised to the widow Halstead, and which she possessed at the time of her intermarriage with the defendant, Peter W. Hinton, came into his hands. When the plaintiff expressed her intention of leaving his family, the defendant, Peter, told her she was at liberty to remain still with him, as she had before done.
The bill is filed to compel the defendants to pay to the complainant the $1,000, so bequeathed to her.
The answer of Peter W. Hinton resists the plaintiff's recovery, upon the ground, that the only fair construction, which can be put upon the clause of the will in question, is, that the plaintiff should have her election, either to live with the widow or to take the legacy of $1,000, and that her election should be made either at the death of the testator, or in some reasonable *Page 149 
time thereafter; and that she had elected to live with Mrs. Halstead, and can not now claim the money.
We can not yield our assent to this construction. We believe the testator intended a substantial benefit to the plaintiff. The construction claimed by the defendant would make it entirely illusory and dependent upon the will or caprice of the widow. The clause is not very explicit, and is somewhat peculiar. The language is, "I wish that my widow and cousin, Barbara Richardson, should continue to keep house together, but should they not," etc. — not simply live together. His wish was, that they should continue together, and, while they did so, that Barbara was to be, equally with his widow, mistress of the family, and enjoy equal privileges with her. While so keeping house together, Barbara is not to receive the money, because she, in that case, is already provided for; nor does he make her contingent right to receive her pecuniary legacy dependent wholly on her own will or on that of Mrs. Halstead; the words are — "but should they not," etc. (194) If, then, after the death of the testator, they continued to keep house together, it would not have been in the power of the plaintiff, at any time thereafter, capriciously to put an end to their joint house keeping, and then demand her legacy; neither would it have been in the power of the widow to put an end to it, and thereby deprive her, not only of a home, but of the bounty of the testator. If the widow had refused to permit the plaintiff to live with her, or, after they had so begun to live, she had ordered her to leave the house, or by her conduct rendered her further residence with her intolerable, or they had mutually agreed to separate; in either of these cases, the right of the plaintiff to receive her legacy could not be questioned. It is not, therefore, a case of election, for her rights depend not alone on her own will, but in part upon that of another; nor is her right to enjoy both the interests bequeathed to her, though at different periods, inconsistent with the intention of the testator; nor does it defeat any portion of the will. We consider the subsequent marriage of Mrs. Halstead as an event, which, in itself, put an end to their jointly keeping house. She had ceased to have the right to permit the plaintiff to live with her; she had, by her own voluntary act, transferred it to another, and, if the plaintiff had then left her, she would have been entitled to her pecuniary *Page 150 
legacy. The subsequent death of Mrs. Halstead, then Mrs. Hinton, produced the same effect. The power to keep house together had ceased. That the death of the widow would restore to the plaintiff her right to the legacy, is obvious. What, if the widow had died a month or a year after their joint house keeping had commenced, it could not be pretended, that, in such event, from no fault of hers, the plaintiff would have lost the benefit intended by the kindness of the testator. We are of opinion, then, that, upon the death of the (195) testator, the plaintiff was at liberty either to separate from the widow, and claim the money, or, with the consent of the latter, to continue with her, in which case she could not claim the legacy during the continuance of their joint residence; but as soon as that ceased, without any fault of hers, her right was restored. The plaintiff is, therefore, entitled to her legacy, and interest on it from the time she demanded it, upon her leaving the defendant's house.
The defendant, Peter W. Hinton, states that he is entitled, if a decree is made in favor of the plaintiff, to an allowance for the maintenance of a negro woman and child belonging to her. This would much depend upon the fact, whether these negroes were attendants upon the person of the plaintiff, which does not appear. The defendants may have an inquiry upon this subject if they require it.
PER CURIAM. DECREED ACCORDINGLY.